IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 125,417

In the Matter of TROY J. LEAVITT,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed December 9, 2022. One-year suspension, stayed pending successful participation and completion of probation period of one year.

*Kathleen J. Selzer Lippert*, Deputy Disciplinary Administrator, argued the cause, and *Gayle B. Larkin*, Disciplinary Administrator, was with her on the formal complaint for the petitioner.

*Peggy A. Wilson*, of Morrow Willnauer Church, LLC, of Kansas City, Missouri, argued the cause, and *Troy J. Leavitt*, respondent, argued the cause pro se.

PER CURIAM: This is an attorney discipline proceeding against Troy J. Leavitt, of Blue Springs, Missouri. Leavitt was admitted to practice law in Kansas on April 25, 1997. Leavitt also is a licensed attorney in Missouri, admitted in 1996.

On February 23, 2022, the Disciplinary Administrator's office filed a formal complaint against Leavitt alleging violations of the Kansas Rules of Professional Conduct (KRPC). This complaint stemmed from discipline imposed on him from Missouri for the representation of a client in a paternity matter involving custody and child support. The Missouri Supreme Court's decision stemmed from the Missouri disciplinary hearing panel's finding that Leavitt violated Missouri Rules of Professional Conduct 4-1.3 (diligence), 4-1.4 (communication), 4-8.2 (judicial and legal officials), and 4-8.4(d) (misconduct prejudicial to the administration of justice).

1

On March 9, 2021, the Missouri Supreme Court suspended Leavitt's license to practice law for one year. The court stayed the suspension and placed Leavitt on probation. After Leavitt was placed on probation, the Missouri disciplinary counsel reported to the Office of the Disciplinary Administrator that Leavitt had been informally admonished in 2017 by the Missouri disciplinary counsel for violating Missouri Rules of Professional Conduct 4-1.15 (safekeeping property) and 4-1.16 (terminating representation). The respondent failed to report this prior informal admonishment to the Disciplinary Administrator's office as required by Rule 207 (2017 Kan. S. Ct. R. 246).

On July 11, 2022, the parties entered into a summary submission agreement under Supreme Court Rule 223 (2022 Kan. S. Ct. R. at 278) (summary submission is "[a]n agreement between the disciplinary administrator and the respondent," which includes "a statement by the parties that no exceptions to the findings of fact or conclusions of law will be taken").

In the summary submission agreement, the Disciplinary Administrator and Leavitt stipulate and agree that Leavitt violated the following Kansas Rules of Professional Conduct and Supreme Court Rules:

- KRPC 1.3 (2022 Kan. S. Ct. R. at 331) (diligence);
- KRPC 1.4 (2022 Kan. S. Ct. R. at 332) (communication);
- KRPC 8.2 (2022 Kan. S. Ct. R. at 432) (judicial and legal officials); and
- KRPC 8.3 (2022 Kan. S. Ct. R. at 433) (reporting professional misconduct).

Before us, the parties jointly recommend Leavitt's license to practice law be suspended for one year, with the suspension stayed pending successful participation and

completion of a one year probation period, and which would begin upon the filing date of this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

We quote the relevant portions of the parties' summary submission below.

"*Findings of Fact*: Petitioner and the respondent stipulate and agree that the respondent engaged in the following misconduct as follows:

 . . . .

"5.      In November 2020, the respondent and the Missouri disciplinary counsel filed a joint stipulation of facts, conclusions of law, and recommendation for discipline. The respondent stipulated to the following facts:

> '8. In or about January 2018, [client/father] hired respondent to file a proceeding to modify a paternity judgment involving custody and child support.
>
> '9. In February 2018, respondent filed a Motion to Modify on [client/father]'s behalf in the Circuit Court of Jackson County, Missouri, and it was captioned as [Father, Petitioner v. Mother, respondent], the Honorable S. Margene Burnett presiding.
>
> '10. On November 13, 2018, [mother] through her counsel, filed a Motion to Dismiss the modification proceeding, essentially requesting dismissal as a sanction for procedural issues involving an uncorrected discrepancy between the amended pleadings and the content of the proposed parenting plan. In addition to seeking a dismissal [mother] sought to recover her attorney fees from [client/father].

3

'11. A proposed Judgment accompanied the Motion to Dismiss. . . .

'12. Upon receipt of the Motion to Dismiss respondent contacted [client/father] and set up an appointment for Saturday, November 17, 2018. [Client/father] cancelled the appointment due to work constraints, so they met on November 20, 2018. [R]espondent advised [client/father] of the Motion to Dismiss and that he believed the Court dismissing the action with prejudice and awarding attorneys' fees for not filling [*sic*] an amended parenting plan when the matter was three months out from trial was highly unlikely.

'13. Also, at the November 20, 2018, meeting, respondent advised [client/father] of the attorneys' fees, but not the exact amount, only that opposing counsel's fees were significantly higher than those being charged respondent.

'14. Additionally, at the November 20, 2018 meeting, respondent referenced that the motion contained [client/father]'s failure to appear for case management, not filing a parenting plan, and not attending co-parenting classes.

'15. On behalf of [client/father], respondent did not want to admit to the Court that [client/father] failed to attend co-parenting classes required by the Court and Counsel believed filing a parenting plan and not answering the motion would be the best way to proceed with the least amount of damage to [client/father]'s case.

'16. A response to the motion to dismiss on behalf of [client/father] was due on Friday, November 23, 2018 (the day after the Thanksgiving holiday). [R]espondent did file a Parenting Plan signed by [client/father] on November 21, 2018, but did not file a specific Memorandum in Opposition to the Motion to Dismiss or seek additional time for a response. [R]espondent claims he thought the Motion to Dismiss would be moot based on the filing of the Amended Parenting Plan. Further, respondent also thought that by filing the parenting plan three months

4

prior to trial, there would be no prejudice to the opposing party and that dismissal with prejudice and attorney's fees would be far to [*sic*] harsh of a remedy for the Court to consider.

'17. Because respondent believed the Motion to Dismiss was moot after the Parenting Plan was filed, Respondent and opposing counsel were in the process of setting up depositions when the case was dismissed.

'18. On November 29, 2018, Judge Burnett entered a Judgment dismissing the modification proceeding. . . . Significantly, the entire motion to modify proceeding brought by [client/father] was dismissed with prejudice.

'19. On November 30, 2018, [mother], through her counsel, filed an application with the court seeking $4,386.50 in attorney fees to be assessed against [client/father] pursuant to R.S.Mo. § 452.355(1).

'20. Respondent did not file any specific opposition to the application for attorney fees, but he did file a motion to reconsider the merits of the dismissal.

'21. A subsequent amendment to the Judgment awarded $4,891.93 in attorney fees against [client/father].

'22. [R]espondent claims to have been "personally outraged" by the Judgment.

'23. [R]espondent did not promptly advise [client/father] of the Judgment nor of the attorney fee application.

'24. Without advising the client of the adverse result, respondent filed a motion for reconsideration on November 30, 2018. [Mother], through her counsel, filed an opposition to the motion for reconsideration on December 4, 2018.

'25. On Saturday, December 8, 2018, respondent realized he did not advise [client/father] of the Court's ruling and called [client/father]. Respondent received a call back from [client/father]'s girlfriend. Respondent then sent a text to [client/father] that said "Emergency text me immediately."

'26. [Client/father] was not aware that the case had been dismissed with prejudice at the time of the "emergency."

'27. The Respondent and [client/father] exchanged a few more texts on Saturday, December 8, 2018. None of the text messages mention a dismissal or judgment or attorney fees.

'28. In between text messages on that Saturday, respondent and [client/father] had a series of phone calls during which respondent lost his temper and made profane and disrespectful statements directed towards [client/father], such as "When I tell you to fucking jump, you better fucking jump."

'29. Another text from respondent to [client/father] indicated that 99% of the blame was on [client/father] for failing to appear for the case management conference or attend counseling, without discussing respondent's lack of response to the motion or that respondent had "mistakenly failed to file" an Amended Parenting Plan. Respondent's communications on that day not only attempted to shift the blame away from himself, but also suggested that [client/father] did not care about his children and also unfairly suggested that [client/father] was acting like he was too important to be bothered with the situation while working from out-of-town. Another text message from respondent to [client/father] on December 8, 2018, stated: "I will fire you."

'30. One text from respondent on December 8, 2018, said: "Well we have a rogue judge and an attorney filing motions." Respondent's text was

6

misleading because it omitted the fact that there was actually a Judgment in place rather than just a motion.'

"6.     In addition, the respondent stipulated in the Missouri joint stipulation that he violated MRPC 4-1.3 (diligence), MRPC 4-1.4 (communication), MRPC 4-8.2 (judicial and legal officials), and MPRC 8.4(d) (misconduct prejudicial to the administration of justice). The respondent stipulated to the following violations:

'31. As to Count I, respondent violated Missouri Supreme Court Rule 4-1.3 by failing to exercise the required level of diligence in that he failed to promptly respond to the motion to dismiss and the application for attorney fees and instead filed a parenting plan.

'32. As to Count II, respondent violated Missouri Supreme Court Rule 4-1.4 by failing to adequately and promptly communicate the status of the case and the judge's adverse ruling during the critical period of November 21, 2018 to December 10, 2018.

'33. As to Count III, by his profane, unprofessional and disrespectful communications with the client on December 8, 2018, respondent violated Missouri Supreme Court Rule 4-8.4(d).

'34. As to Count IV, by his comments to his client stating that Judge Burnett was a "rogue judge" based on ordering the case dismissed when he believed the motion was moot, and, respondent violated Missouri Supreme Court Rule 4-8.4(d) and Rule 4-8.2.'

"7.     On January 12, 2021, the Missouri hearing panel issued its decision, accepting the parties' stipulation and joint recommendation for discipline. The Missouri hearing panel acknowledged the respondent took full responsibility for his actions.

"8.     On March 9, 2021, the Missouri Supreme Court suspended the respondent's license to practice law for one year for violating Missouri Rules of Professional Conduct Rule 4-1.3 (diligence), Rule 4-1.4 (communication), Rule 4-8.2 (judicial and legal officials), and Rule 4-8.4(d) (misconduct prejudicial to the administration of justice). The Court stayed the suspension and placed the respondent on probation.

"9.     Previously, in 2017, the Missouri disciplinary counsel informally admonished the respondent for violations of Missouri Rules 4-1.15 (safekeeping property) and 4-1.16 (terminating representation). The respondent, however, failed to report the informal admonishment to the disciplinary administrator's office as required by former Rule 207 (2017 Kan. Sup. Ct. R. 246).

"10.     After the Missouri Supreme Court placed the respondent on probation, on March 9, 2021, the Missouri disciplinary counsel reported the respondent's 2021 misconduct to the disciplinary administrator's office.

"11.     On April 8, 2021, the respondent provided a written response to the disciplinary administrator's office.

*"Conclusions of Law*: Petitioner and the respondent stipulate and agree there is clear and convincing evidence that the respondent violated the following Supreme Court Rules and Kansas Rules of Professional Conduct, the respondent engaged in misconduct as follows:

"12.     KRPC 1.3 (diligence): The respondent failed to exercise the required level of diligence in that he failed to promptly respond to the motion to dismiss, the motion for attorney fees, and only filed an amended parenting plan, believing that filing the amended parenting plan, would render the Motion to Dismiss moot. Additionally, there was actual injury to his client when the client's action was dismissed due to the respondent's lack of diligence.

8

"13.     KRPC 1.4 (communication): The respondent failed to adequately and promptly communicate the status of the case and the judge's adverse ruling during the critical period of November 21, 2018 to December 10, 2018.

"14.     KRPC 8.2 (judicial and legal officials): The respondent's statements to his client describing the judge as 'rogue' were false or made with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge.

"15.     KRPC 8.3 (reporting professional misconduct) and Rule 207 (2017 Kan. Sup. Ct. R. 246): The respondent failed to report that he had engaged in conduct that constituted misconduct when he did not report his 2017 informal admonition in Missouri.

*"Applicable Aggravating and Mitigating Circumstances:*

"16.     Aggravating circumstances include:

> a.   Multiple offenses: The respondent's conduct violated multiple professional rules of conduct; Rule 1.6 (diligence), Rule 1.4 (communication), Rule 8.2 (judicial and legal officials), and Rule 8.3 (reporting).

> b.   Substantial experience in the practice of law: The respondent has been licensed to practice law in Missouri since 1996 and in Kansas since 1997.

"17.     Mitigating circumstances include:

> a.   Absence of a dishonest or selfish motive: There was no intent for the respondent to obtain a significant benefit to himself.

9

b. Personal or emotional problems if such misfortunes have contributed to violation: The respondent suffered from anger issues as demonstrated with his client communication in this case, but he continues to seek treatment for it . . . .

c. Timely good faith effort to make restitution or to rectify consequences of misconduct: The respondent has made full and timely restitution. The respondent sent letters of apology to the judge, the Honorable S. Marlene Burnett, and to his client. The respondent reimbursed his client attorneys' fees paid in the amount of $2,850. The respondent paid opposing counsel's attorney's fees that the respondent was assessed by the court in the amount of $4,891.83.

d. The present and past attitude of the attorney as shown by their cooperation during the proceeding and his full and free acknowledgment of the transgressions:

e. Previous good character and reputation in the community: The respondent submits admissible evidence of good character and reputation . . . .

f. Imposition of other penalties or sanctions: The respondent's Missouri license was suspended for twelve months but the suspension was stayed pending successful participation and completion of a probation plan for twenty-four months beginning with the Order of Discipline entered by the Missouri Supreme Court on March 8, 2021 [*sic*].

g. Remorse: The respondent expressed deep remorse that he is deeply troubled by his own conduct. The respondent desires to improve his practice and professionalism in the future by:

  i. The respondent is currently seeking counseling for anger management issues.

10

ii. The respondent refunded $2,850 for attorneys' fees paid by his client with a letter of apology concerning his conduct.

iii. The respondent paid the opposing counsel's attorney's fees assessed his client in the amount of $4,891.83.

iv. The respondent sent a letter of apology to the judge concerning his conduct and misjudgment.

*"Recommendations for Discipline:*

"18.     Petitioner and the respondent jointly recommend the respondent's license be suspended for twelve months with the suspension stayed pending successful participation and completion of probation. Probation shall be for twelve months with the terms set forth in the proposed plan of probation . . . . The probation period shall begin to run upon the entry of an Order of Discipline entered by the Kansas Supreme Court.

 . . . .

*"Additional Stipulations by the Parties:*

"23.     The respondent waives his right to a hearing on the formal complaint as provided in Supreme Court Rule 222(c).

"24.     The parties agree that no exceptions to the findings of fact and conclusions of law will be taken.

"25.     The complainant in this matter is the Missouri Deputy Chief Disciplinary Counsel for the Missouri Office of Disciplinary Counsel. Notice of the Summary Submission will be provided to the complainant and given 21 days to provide the

11

disciplinary administrator with their position regarding the agreement as provided in Supreme Court Rule 223(d).

"26.    The respondent understands and agrees that pursuant to Supreme Court Rule 223(f), this Summary Submission Agreement is advisory only and does not prevent the Supreme Court from making its own conclusions regarding rule violations or imposing discipline greater or lesser than the parties' recommendation.

"27.    The respondent also understands and agrees that after entering into this Summary Submission Agreement he will be required to appear before the Kansas Supreme Court for oral argument under Supreme Court Rule 228(i).

"28.    The parties agree that the exchange and execution of copies of this Agreement by electronic transmission shall constitute effective execution and delivery of the Agreement and that copies may be used in lieu of the original and the signatures shall be deemed to be original signatures.

"29.    A copy of the Summary Submission will be provided to the Board Chair as required by Supreme Court Rule 223(e)."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the disciplinary panel's findings, and the parties' arguments to determine whether KRPC violations exist and, if they do, the appropriate discipline to impose. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see also Supreme Court Rule 226(a)(1)(A) (2022 Kan. S. Ct. R. at 281) (a misconduct finding must be established by clear and convincing evidence). "Clear and convincing evidence is 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009).

12

The Disciplinary Administrator provided Leavitt with adequate notice of the formal complaint. The Disciplinary Administrator also provided adequate notice of the hearing before the panel. The hearing on the formal complaint was cancelled after the parties agreed to enter into the Summary Submission Agreement. Under Rule 223(b), a summary submission agreement

"must be in writing and contain the following:

"(1) an admission that the respondent engaged in the misconduct;

"(2) a stipulation as to the following:

(A) the contents of the record;

(B) findings of fact;

(C) and conclusions of law, including each violation of the Kansas Rules of Professional Conduct, the Rules Relating to Discipline of Attorneys, or the attorney's oath of office; and

(D) any applicable aggravating and mitigating factors;

"(3) a recommendation for discipline;

"(4) a waiver of the hearing on the formal complaint; and

"(5) a statement by the parties that no exceptions to the findings of fact or conclusions of law will be taken." Rule 223(b) (2022 Kan. S. Ct. R. at 278).

The chair of the Kansas Board for Discipline of Attorneys ultimately approved the summary submission. Thus, the factual findings in the summary submission are deemed

admitted. See Supreme Court Rule 228(g)(1) (2022 Kan. S. Ct. R. at 288) ("If the respondent files a statement . . . that the respondent will not file an exception . . . , the findings of fact and conclusions of law in the final hearing report will be deemed admitted by the respondent.").

The summary submission and the parties' stipulations before us establish by clear and convincing evidence the charged conduct violated KRPC 1.3, 1.4, 8.2, and 8.3. We adopt the findings and conclusions set forth by the parties in the summary submission.

The remaining issue is deciding the appropriate discipline. The parties jointly recommend Leavitt's license to practice law be suspended for one year and the suspension be stayed pending successful participation and completion of a probation period of one year. An agreement to proceed by summary submission is advisory only and does not prevent us from imposing discipline greater or lesser than the parties' recommendation. Rule 223(f). After full consideration, however, we adopt the joint recommendation.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Troy J. Leavitt is disciplined by a one-year suspension in accordance with Supreme Court Rule 225(a)(3) (2022 Kan. S. Ct. R. at 281) and that his suspension is stayed pending successful participation and completion of a probation period of one year, which will begin upon the filing date of this opinion. Probation will be subject to the terms set out in the plan of probation referenced in the parties' Summary Submission Agreement.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to Leavitt and that this opinion be published in the official Kansas Reports.

14